**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of _____
(State)

Case number (*If known*): _____ Chapter _____

☐ Check if this is an
amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy     04/25

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

1. **Debtor's name**     _____

2. **All other names debtor used in the last 8 years**     _____

   Include any assumed names, trade names, and *doing business as* names     _____

3. **Debtor's federal Employer Identification Number** (EIN)

4. **Debtor's address**

   **Principal place of business**

   _____
   Number        Street

   _____

   _____
   City                    State        ZIP Code

   _____
   County

   **Mailing address, if different from principal place of business**

   _____
   Number        Street

   _____
   P.O. Box

   _____
   City                    State        ZIP Code

   **Location of principal assets, if different from principal place of business**

   _____
   Number        Street

   _____

   _____
   City                    State        ZIP Code

5. **Debtor's website** (URL)     _____

Debtor _____   Case number (*if known*)_____
             Name

**6.  Type of debtor**

❑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

❑ Partnership (excluding  LLP)

❑ Other. Specify: _____

**7.  Describe debtor's business**

A. *Check one:*

❑ Health Care Business (as defined in 11 U.S.C. § 101(27A))

❑ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

❑ Railroad (as defined in 11 U.S.C. § 101(44))

❑ Stockbroker (as defined in 11 U.S.C. § 101(53A))

❑ Commodity Broker (as defined in 11 U.S.C. § 101(6))

❑ Clearing Bank (as defined in 11 U.S.C. § 781(3))

❑ None of the above

B. *Check all that apply:*

❑ Tax-exempt entity (as described in 26 U.S.C. § 501)

❑ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

❑ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

❑ Chapter 7

❑ Chapter 9

❑ Chapter 11. *Check **all** that apply*:

❑ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

❑ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

❑ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

❑ A plan is being filed with this petition.

❑ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

❑ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

❑ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

❑ Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

❑ No

❑ Yes.   District _____   When _____   Case number _____
                                                          MM / DD / YYYY

          District _____   When _____   Case number _____
                                                          MM /  DD / YYYY

Official Form 201                     Voluntary Petition for Non-Individuals Filing for Bankruptcy                     page **2**

Debtor _____   Case number (*if known*)_____
             Name

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

❑ No

❑ Yes.   Debtor _____   Relationship _____

District _____   When _____
                                                                           MM  /  DD  / YYYY

Case number, if known _____

**11. Why is the case filed in *this district*?**

*Check all that apply:*

❑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

❑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

❑ No

❑ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

❑ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

❑ It needs to be physically secured or protected from the weather.

❑ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

❑ Other _____

**Where is the property?**_____
                                     Number          Street

_____

_____   _____ _____
City                                                            State ZIP Code

**Is the property insured?**

❑ No

❑ Yes. Insurance agency _____

Contact name _____

Phone _____

| | |
|---|---|
| | **Statistical and administrative information** |

**13. Debtor's estimation of available funds**

*Check one:*

❑ Funds will be available for distribution to unsecured creditors.

❑ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

❑ 1-49            ❑ 1,000-5,000        ❑ 25,001-50,000
❑ 50-99           ❑ 5,001-10,000       ❑ 50,001-100,000
❑ 100-199         ❑ 10,001-25,000      ❑ More than 100,000
❑ 200-999

Debtor _____    Case number (*if known*)_____
        Name

| | | | |
|---|---|---|---|
| **15. Estimated assets** | ❑ $0-$50,000 <br> ❑ $50,001-$100,000 <br> ❑ $100,001-$500,000 <br> ❑ $500,001-$1 million | ❑ $1,000,001-$10 million <br> ❑ $10,000,001-$50 million <br> ❑ $50,000,001-$100 million <br> ❑ $100,000,001-$500 million | ❑ $500,000,001-$1 billion <br> ❑ $1,000,000,001-$10 billion <br> ❑ $10,000,000,001-$50 billion <br> ❑ More than $50 billion |
| **16. Estimated liabilities** | ❑ $0-$50,000 <br> ❑ $50,001-$100,000 <br> ❑ $100,001-$500,000 <br> ❑ $500,001-$1 million | ❑ $1,000,001-$10 million <br> ❑ $10,000,001-$50 million <br> ❑ $50,000,001-$100 million <br> ❑ $100,000,001-$500 million | ❑ $500,000,001-$1 billion <br> ❑ $1,000,000,001-$10 billion <br> ❑ $10,000,000,001-$50 billion <br> ❑ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____
          MM  / DD / YYYY

✖ _____    _____
   Signature of authorized representative of debtor       Printed name

Title _____

**18. Signature of attorney**

✖ _____    Date _____
   Signature of attorney for debtor           MM   / DD / YYYY

_____
Printed name

_____
Firm name

_____
Number      Street

_____    _____    _____
City                   State       ZIP Code

_____    _____
Contact phone               Email address

_____    _____
Bar number               State

## Schedule 1

Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On September 24, 28 and 29, 2025 each of the affiliated entities listed filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas (Houston Division), and are jointly administered under Case No. 25-90399, and consolidated for procedural purposes only.

| Case Number | Name of Debtor | Date Filed |
|---|---|---|
| 25-90399 (CML) | First Brands Group, LLC | September 28, 2025 |
| 25-90383 (CML) | Global Assets LLC | September 24, 2025 |
| 25-90384 (CML) | Global Lease Assets Holdings, LLC | September 24, 2025 |
| 25-90385 (CML) | Carnaby Capital Holdings, LLC | September 24, 2025 |
| 25-90386 (CML) | Broad Street Financial Holdings, LLC | September 24, 2025 |
| 25-90387 (CML) | Broad Street Financial, LLC | September 24, 2025 |
| 25-90388 (CML) | Carnaby Inventory II, LLC | September 24, 2025 |
| 25-90389 (CML) | Carnaby Inventory Holdings II, LLC | September 24, 2025 |
| 25-90390 (CML) | Carnaby Inventory III, LLC | September 24, 2025 |
| 25-90391 (CML) | Carnaby Inventory Holdings III, LLC | September 24, 2025 |
| 25-90392 (CML) | Patterson Inventory, LLC | September 24, 2025 |
| 25-90393 (CML) | Patterson Inventory Holdings, LLC | September 24, 2025 |
| 25-90394 (CML) | Starlight Inventory I, LLC | September 24, 2025 |
| 25-90395 (CML) | Starlight Inventory Holdings I, LLC | September 24, 2025 |
| 25-90396 (CML) | Trico Technologies Corporation | September 28, 2025 |
| 25-90397 (CML) | First Brands Group Holdings, LLC | September 28, 2025 |
| 25-90398 (CML) | First Brands Group Intermediate, LLC | September 28, 2025 |
| 25-90400 (CML) | Viceroy Private Capital, LLC | September 28, 2025 |
| 25-90401 (CML) | FRAMAuto Holdings, LLC | September 29, 2025 |
| 25-90402 (CML) | Autolite Operations LLC | September 29, 2025 |
| 25-90403 (CML) | FRAM Group Operations LLC | September 29, 2025 |
| 25-90404 (CML) | FRAM Group IP LLC | September 29, 2025 |
| 25-90405 (CML) | Jasper Acquisition Corp. | September 29, 2025 |
| 25-90406 (CML) | Jasper Rubber Products, Inc | September 29, 2025 |
| 25-90407 (CML) | Specialty Pumps Group, Inc. | September 29, 2025 |
| 25-90408 (CML) | ASC Industries, Inc. | September 29, 2025 |
| 25-90409 (CML) | Heatherton Holdings, LLC | September 29, 2025 |
| 25-90410 (CML) | PHNX Acquisition Corp. | September 29, 2025 |
| 25-90411 (CML) | Hopkins Acquisition, Inc. | September 29, 2025 |

| Case Number | Name of Debtor | Date Filed |
|---|---|---|
| 25-90412 (CML) | Hopkins Manufacturing Corporation | September 29, 2025 |
| 25-90413 (CML) | Carrand Companies, Inc. | September 29, 2025 |
| 25-90414 (CML) | Horizon Global Corporation | September 29, 2025 |
| 25-90415 (CML) | Horizon Global Company LLC | September 29, 2025 |
| 25-90416 (CML) | Horizon Global Americas Inc. | September 29, 2025 |
| 25-90417 (CML) | Horizon International Holdings LLC | September 29, 2025 |
| 25-90418 (CML) | Horizon Euro Finance LLC | September 29, 2025 |
| 25-90419 (CML) | Strongarm, LLC | September 29, 2025 |
| 25-90420 (CML) | Premier Marketing Group, LLC | September 29, 2025 |
| 25-90421 (CML) | AVM Export, Inc. | September 29, 2025 |
| 25-90422 (CML) | Carter Fuel Systems, LLC | September 29, 2025 |
| 25-90423 (CML) | Carter Fuel Export, Inc. | September 29, 2025 |
| 25-90424 (CML) | Carter Carburetor Holdings, LLC | September 29, 2025 |
| 25-90425 (CML) | Walbro Midco LLC | September 29, 2025 |
| 25-90426 (CML) | UCI Acquisition Holdings (No. 4) LLC | September 29, 2025 |
| 25-90427 (CML) | WEM US Co. | September 29, 2025 |
| 25-90428 (CML) | Dalton Corporation, Stryker Machining Facility Co. | September 29, 2025 |
| 25-90429 (CML) | Reman Management International LLC | September 29, 2025 |
| 25-90430 (CML) | Walbro LLC | September 29, 2025 |
| 25-90431 (CML) | UCI-Airtex Holdings, Inc. | September 29, 2025 |
| 25-90432 (CML) | Carter Carburetor, LLC | September 29, 2025 |
| 25-90433 (CML) | Dalton Corporation, Ashland Manufacturing Facility | September 29, 2025 |
| 25-90434 (CML) | Airtex Industries, LLC | September 29, 2025 |
| 25-90435 (CML) | Smart Choice, LLC | September 29, 2025 |
| 25-90436 (CML) | KTRI Holdings, Inc. | September 29, 2025 |
| 25-90437 (CML) | Viper Acquisition, Inc. | September 29, 2025 |
| 25-90438 (CML) | Viper Acquisition I, Inc. | September 29, 2025 |
| 25-90439 (CML) | Tridonex USA LLC | September 29, 2025 |
| 25-90440 (CML) | Airtex Products, LP | September 29, 2025 |
| 25-90441 (CML) | Qualitor Acquisition Inc. | September 29, 2025 |
| 25-90442 (CML) | UCI Pennsylvania, Inc. | September 29, 2025 |
| 25-90443 (CML) | Qualitor, Inc. | September 29, 2025 |
| 25-90444 (CML) | Global Reman Ventures, LLC | September 29, 2025 |
| 25-90445 (CML) | Champion Laboratories, Inc. | September 29, 2025 |
| 25-90446 (CML) | TAE Brakes, LLC | September 29, 2025 |
| 25-90447 (CML) | Transportation Aftermarket Enterprise, LLC | September 29, 2025 |
| 25-90448 (CML) | APC Parent, LLC | September 29, 2025 |

| Case Number | Name of Debtor | Date Filed |
|---|---|---|
| 25-90449 (CML) | Universal Auto Filter LLC | September 29, 2025 |
| 25-90450 (CML) | TAE China Holdings, Inc. | September 29, 2025 |
| 25-90451 (CML) | International Brake Industries, Inc. | September 29, 2025 |
| 25-90452 (CML) | APC Intermediate Holdings, LLC | September 29, 2025 |
| 25-90453 (CML) | Qualitor Subsidiary H, Inc. | September 29, 2025 |
| 25-90454 (CML) | CWD Intermediate Holdings I, LLC | September 29, 2025 |
| 25-90455 (CML) | Qualitor Subsidiary S, Inc. | September 29, 2025 |
| 25-90456 (CML) | Fuel Filter Technologies, Inc. | September 29, 2025 |
| 25-90457 (CML) | IBI International Holding Company, Inc. | September 29, 2025 |
| 25-90458 (CML) | CWD Intermediate Holdings II, LLC | September 29, 2025 |
| 25-90459 (CML) | Longman Enterprises, Inc. | September 29, 2025 |
| 25-90460 (CML) | Carnaby Capital, LLC | September 29, 2025 |
| 25-90461 (CML) | Pylon Manufacturing Corp. | September 29, 2025 |
| 25-90462 (CML) | CWD Holding, LLC | September 29, 2025 |
| 25-90463 (CML) | Qualitor Automotive, LLC | September 29, 2025 |
| 25-90464 (CML) | Carnaby Inventory Holdings IV, LLC | September 29, 2025 |
| 25-90465 (CML) | CWD, LLC | September 29, 2025 |
| 25-90466 (CML) | Carnaby Inventory IV, LLC | September 29, 2025 |
| 25-90467 (CML) | Pylon South Bend, Inc. | September 29, 2025 |
| 25-90468 (CML) | Carnaby FA Holdings, LLC | September 29, 2025 |
| 25-90469 (CML) | Qualis Enterprises, LLC | September 29, 2025 |
| 25-90470 (CML) | KTRI Offshore Holdings, LLC | September 29, 2025 |
| 25-90471 (CML) | BPI Acquisition Company, LLC | September 29, 2025 |
| 25-90472 (CML) | Trico Products Corporation | September 29, 2025 |
| 25-90473 (CML) | Carnaby FA, LLC | September 29, 2025 |
| 25-90474 (CML) | Qualis Automotive, L.L.C. | September 29, 2025 |
| 25-90475 (CML) | Global Assets GmbH | September 29, 2025 |
| 25-90476 (CML) | Trico Holding Corporation | September 29, 2025 |
| 25-90477 (CML) | Brake Parts Inc LLC | September 29, 2025 |
| 25-90478 (CML) | Toledo Molding & Die, LLC | September 29, 2025 |
| 25-90479 (CML) | UCI International Holdings Parent Inc. | September 29, 2025 |
| 25-90480 (CML) | BPI EC, LLC | September 29, 2025 |
| 25-90481 (CML) | Dalton Corporation, Kendallville Manufacturing Facility | September 29, 2025 |
| 25-90482 (CML) | Dalton Corporation, Warsaw Manufacturing Facility | September 29, 2025 |
| 25-90483 (CML) | UCI International Holdings, Inc. | September 29, 2025 |
| 25-90484 (CML) | Brake Parts Inc India LLC | September 29, 2025 |
| 25-90485 (CML) | UCI International, LLC | September 29, 2025 |

| Case Number | Name of Debtor | Date Filed |
|---|---|---|
| 25-90486 (CML) | BPI Holdings International, LLC | September 29, 2025 |
| 25-90487 (CML) | United Components, LLC | September 29, 2025 |
| 25-90488 (CML) | Brake Parts Inc China LLC | September 29, 2025 |
| 25-90489 (CML) | Eagle Machining, LLC | September 29, 2025 |
| 25-90490 (CML) | Eagle Casting Holdings, LLC | September 29, 2025 |
| 25-90491 (CML) | Eagle Casting, LLC | September 29, 2025 |
| 25-90492 (CML) | Dalton Corporation | September 29, 2025 |
| 25-90493 (CML) | Cardone Industries, Inc. | September 29, 2025 |
| 25-90494 (CML) | SDC TX, LLC | September 29, 2025 |

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case, collectively, the "**Debtors**") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas (Houston Division) (the "**Court**").

The Debtors will file a motion with the Court requesting that the chapter 11 cases of the entities listed below be consolidated for procedural purposes only and jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of Texas.  The Debtors are not seeking for the cases below to be jointly administered with Case No. 25-90399.

| Company |
|---|
| Ultinon Motion Holding B.V. |
| Liberty I B.V. |
| Liberty II B.V. |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § § § | **Chapter 11** |
| **LIBERTY I B.V.,** | § § § | **Case No. 26- _____ ([●])** |
| | § § | **(Joint Administration Requested)** |
| **Debtors.** | § | |

### CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the

following corporations, other than the debtor or a governmental unit, own 10% or more of any class

of the corporation's equity interest:

| Corporate Equity Holder(s) | Adress of Corporate Equity Holder(s) | Percentage of Equity Held |
|---|---|---|
| Trico Belgium SA | Avenue Champion - AUBANGE 1, 6790 Aubagne, Belgium | 100% |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § § § | **Chapter 11** |
| **LIBERTY I B.V.,** | § § § | **Case No. 26-_____ ([●])** |
| | § § | **(Joint Administration Requested)** |
| **Debtors.** | § | |

**LIST OF EQUITY SECURITY HOLDERS**

Pursuant to Rules 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the following table identities all entities directly holding a direct or indirect equity ownership interest in the above captioned debtor in possession:

| Corporate Equity Holder(s) | Adress of Corporate Equity Holder(s) | Percentage of Equity Held |
|---|---|---|
| Trico Belgium SA | Avenue Champion - AUBANGE 1, 6790 Aubagne, Belgium | 100% |

**Fill in this information to identify the case:**

Debtor name: Liberty I B.V.

United States Bankruptcy Court for the: Southern District of Texas (State)

Case number (If known): _____

☐ Check if this is an amended filing

# Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

**12/15**

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Lumileds Holding B.V. Beemdstraat 42 Eindhoven 5652 AB, Netherlands | J.C. Uiterwijk Associate / Lawyer Ph: +31 20 225 2228 Email: Joanne.Uiterwijk@fieldfisher.com | Trade Debt | Contingent/ Unliquidated/ Disputed | | | $19,235,846.90 |
| 2 | Deloitte Tax & Legal B.V. Wilhelminakade 1 ROTTERDAM 3072 AP, Netherlands | Dirk Baken Partner Ph: +31 882888626 Email: dbaken@deloitte.nl | Professional Services | Contingent/ Unliquidated/ Disputed | | | $659,639.71 |
| 3 | Interpath Limited 10 Fleet Place 9th floor London EC4M 7RB UK | | Professional Services | Contingent/ Unliquidated/ Disputed | | | $486,642.44 |
| 4 | KONINKLIJKE PHILIPS N.V. PROF. HOLSTLAAN 6 Eindhoven 5656 AA, Netherlands | Daan Roosekans Philips Brand Licensing Ph: +31 6 1596 6957 Email: daan.roosekrans@philips.com | Trade Debt | Contingent/ Unliquidated/ Disputed | | | $411,400.00 |
| 5 | McCoy & Partners B.V. John F Kennedylaan 2, 5612 AB Eindhoven, the Netherlands | Frank van de Pas Sr. Account Manager Email: frank.van.de.pas@mccoy-partners.com | Trade Debt | Contingent/ Unliquidated/ Disputed | | | $269,797.98 |
| 6 | Key Group Tax Performance AdvisoryGrote Voort 293A Zwolle 8041 BL, Netherlands | Ferry GeertmanCFOPh: +31 6 8379 0414Email: ferry.geertman@kgtapplications.cominfo@key-group.nl | Professional Services | Contingent/ Unliquidated/ Disputed | | | $133,669.41 |

Debtor      Liberty I B.V.                                                      Case number (*if known*) 26 - _____ ( )
              Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7 UNGRIA INTERNATIONAL, INC. 50 Tice Blvd Ste 152 Woodcliff Lake 07677-7658, USA | Nelsi Alvarado Manager Trademark Department. Ph: +1 (201) 782-1850 Email: Nelsi.Alvarado@ungriausa.com PatentTeam@ungriausa.com | Professional Services | Contingent/ Unliquidated/ Disputed | | | $112,817.00 |
| 8 Delaware Consulting B.V. c/o RechtNet advocaten 5L s-Hertogenbosch 5231 DD, Netherlands | Casimir Vink Director Ph: (0)73 615 43 11 Email: c.vink@rechtnet.nl | Trade Debt | Contingent/ Unliquidated/ Disputed | | | $110,750.80 |
| 9 IPAN GmbH Munchener Strasse 14 HAAR 85540, Germany | Kristina Djukic IPAN Patent Department Ph: +49 (89) 94 38 50 40 Email: Patents.ipan@clarivate.com | Professional Services | Contingent/ Unliquidated/ Disputed | | | $101,234.96 |
| 10 Progressive Gustav Mahlerlaan 38 Amsterdam 1082 MC, Netherlands | Barbara Falkiewicz Credit Controller Ph: +441412227881 Email: B.falkiewicz@sthree.com | Trade Debt | Contingent/ Unliquidated/ Disputed | | | $56,941.18 |
| 11 Minitab Inc 1829 Pine Hall Rd, State College, PA, 16801, USA | Ty Narehood Minitab Accounts Receivable Ph: +(00) 1-814-753-3118 Email: ar@minitab.com | Trade Debt | Contingent/ Unliquidated/ Disputed | | | $40,000.00 |
| 12 Philips International B.V. High Tech Campus 5 EINDHOVEN 5656 AE, Netherlands | Daan Roosekans Philips Brand Licensing Ph: +31 6 1596 6957 Email: daan.roosekrans@philips.com daniela.fleig@philips.com | Trade Debt | Contingent/ Unliquidated/ Disputed | | | $39,726.72 |
| 13 SGS Nederland B.V. Malledijk 18 Spijkenisse 3208 LA Netherlands | Maria Honcoop Business Assurance Ph: +31 (0)88 214 3765 Email: maria.honcoop@sgs.com | Professional Services | Contingent/ Unliquidated/ Disputed | | | $28,544.74 |
| 14 Everywhere Consulting International B.V. Albert Sabinhof 13 Rotterdam 3045 BL, Netherlands | Jorgen Ricksen Managing Director Ph: +31 6 11060489 Email: jorgen.ricksen@everywhere.consulting | Professional Services | Contingent/ Unliquidated/ Disputed | | | $20,885.38 |
| 15 ITAM solutions B.V. BIC 1 Eindhoven 5657 BX, Netherlands | Vanity Rahangmetan Management Assistant Ph: +31 40 369 05 40 Email: vanity.rahangmetan@itamsolutions.nl helena.pomares@itamsolutions.nl | Professional Services | Contingent/ Unliquidated/ Disputed | | | $11,295.72 |

Debtor Name: Liberty I B.V.

Case number (*if known*) 26 - _____ ( )

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 16 | Euler Hermes France 1 place des saisons PARIS LA DEFENSE 92048, France | Andrea Bernini Senior Account Manager Ph: +33 6 42 15 69 06 Email: Andrea.Bernini@allianz-trade.com dfgestionclientsa@allianz-trade.com | Insurance-related | Contingent/ Unliquidated/ Disputed | | | $704.19 |
| 17 | Banco Satander S.A. Paseo de Pereda, 9-12 Cantabria 39004 Spain | Andrew G. Dietderich Partner, Sullivan & Cromwell Ph: +1-212-558-3830 Email: dietdericha@sullcrom.com | Agent - Bank Loan | Contingent/ Unliquidated/ Disputed | APPROX. $121,484,000 | TBD | TBD |
| | | | | | | Total | $21,719,897.11 |

**Fill in this information to identify the case and this filing:**

Debtor Name _____

United States Bankruptcy Court for the: _____ District of _____

(State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

❑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

❑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

❑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

❑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

❑ *Schedule H: Codebtors* (Official Form 206H)

❑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

❑ Amended *Schedule* _____

❑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

❑ Other document that requires a declaration_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  _____         ✘ _____

MM / DD / YYYY                Signature of individual signing on behalf of debtor

_____

Printed name

_____

Position or relationship to debtor

Official Form 202                **Declaration Under Penalty of Perjury for Non-Individual Debtors**

**UNANIMOUS WRITTEN RESOLUTIONS OF THE MANAGEMENT BOARD OF LIBERTY I B.V.**

**THE UNDERSIGNED**:

constituting the entire management board (*het bestuur*), (the "**Management Board**") of **LIBERTY I B.V.**, a private company with limited liability (*besloten vennootschap met beperkte aansprakelijkheid*) incorporated under the laws of The Netherlands and registered with the Dutch Commercial Register (*Handelsregister*) under number 866787732 (the "**Company**");

**WHEREAS**, the Company, together with Liberty II B.V. ("**Liberty II**"), Ultinon Motion Holding B.V, ("**Ultinon Holding**") and each subsidiary thereof (the "**Ultinon Business**"), was acquired by global automotive parts supplier First Brands Group Holdings, LLC ("**FBG**") from Lumileds Holding B.V., a LED lighting manufacturer, in August 2024.

**WHEREAS**, following the acquisition, FBG and certain of its subsidiaries and affiliates filed voluntary petitions for relief under Chapter 11 of the Title 11 of the United States Code (11 U.S.C. §§ 101 *et seq.*, the "**Bankruptcy Code**") in the Bankruptcy Court (as defined herein) (the "**FBG Cases**"). The FBG Cases are jointly administered under Case No. 25-90399 (CML) in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "**Bankruptcy Court**").

**WHEREAS**, Jame Donath was first appointed as the Independent Director of the Company and Liberty II on November 21, 2025, and subsequently appointed a director of Ultinon Holding on February 3, 2026.

**WHEREAS**, since Mr. Donath's appointment as independent director, he has evaluated the assets and liabilities of the Company with the objective of maximizing recoveries for the Company's creditors and other stakeholders.

**WHEREAS**, based on Mr. Donath's review of the facts and circumstances to date, he believes that actions predating his involvement—and, in many instances, predating the commencement of the FBG Cases in September 2025—destroyed or otherwise dissipated significant value from the Ultinon Business. In addition, despite efforts to monetize the Ultinon Business through a sale and related processes, those efforts have, for various reasons, been unsuccessful.

**WHEREAS**, the Management Board has reason to believe that the Company and/or Liberty II and Ultinon Holding may have viable intercompany and third party tort and contract claims, as well as claims under Chapter 5 of the Bankruptcy Code**.**

**WHEREAS**, the Management Board desires to preserve all existing claims and causes of action, including those arising under chapter 5 of the Bankruptcy Code, and has determined that the best way to preserve such claims is to transfer all such claims and causes of action into a litigation trust for the benefit of the Debtors' creditors pursuant to a chapter 11 plan of liquidation.

**WHEREAS**, in recent weeks several of the contract counterparties and other creditors of the Company, Liberty II and Ultinon Holdings have made payment demands that Company, Liberty II and  Ultinon Holdings (either individually or collectively) did not have the resources to pay and implement its desired goal. As a result, the Company determined to commence a chapter 11 bankruptcy proceeding to implement the automatic stay and allow the Company breathing room to structure a plan that will implement a mechanism to preserve and pursue litigation claims for the benefit of all creditors.

**WHEREAS**, the Management Board considered alternatives, including proceedings in the Netherlands including (i) a bankruptcy (*faillissement*), (ii) suspension of payments (*surseance van betaling*) or (iii) a WHOA restructuring procedure (*akkoordprocedure*), and has determined that a chapter 11 filing will provide a greater benefit to the Company's creditors because of the following: (i) the potential viability of claims under Chapter 5 of the Bankruptcy Code; (ii) the Bankruptcy Court has intimate familiarity with the complicated history and nature of the claims that may be asserted, as well as the potential defendants (may of whom are U.S. citizens) making it an efficient and appropriate forum for the adjudication of any claims and causes of action; and (iii) several of the Company's creditors are subject to the jurisdiction of the U.S. Courts and the automatic stay.

**WHEREAS**, the Management Board has reviewed and considered (i) the filing of a voluntary petition for relief (the "**Bankruptcy Petition**") for the Company under the provisions of the Bankruptcy Code in the United States Bankruptcy Court fort he Southern District of Texas pursuant to the articles of association (the "**Governing Documents**"), as applicable, of the Company and the applicable laws of the jurisdiction in which the Company is organized (the "**Chapter 11 Proceeding**") and (ii) the retention of professionals by the Company;

**WHEREAS**, pursuant to the Governing Documents of the Company, the Management Board is authorised to adopt resolutions in the manner as set forth herein without convening a meeting;

**WHEREAS**, the Managing Directors have (a) regularly and carefully reviewed the materials and other information presented by the Company and its advisors regarding the Company's business conditions, the Company's operations, its current and projected financial position and other relevant information; (b) thoroughly evaluated the Company's strategic alternatives; (c) conferred extensively with the Company's advisors regarding these matters; and (d) determined that the filing of a Bankruptcy Petition by the Company is in the best interests of the Company, its subsidiaries and affiliates and its joint creditors.

**NOW, THEREFORE, BE IT:**

**RESOLVED,** that in the judgment of the Management Board it is desirable and in the best interests of the Company and its joint creditors  that the Company seek relief under chapter 11 of the Bankruptcy Code or in any other appropriate forum as circumstances require;

**FURTHER RESOLVED,** that the Company shall be, and hereby is, authorized to file the Bankruptcy Petition with the Bankruptcy Court and perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effect the foregoing, the performance of such acts to constitute conclusive evidence of the reasonableness, advisability, expedience, convenience, appropriateness or necessity thereof;

**FURTHER RESOLVED**, that each Authorized Person shall be, and each of them hereby is, authorized, directed and empowered, in the name and on behalf of the Company, to: (a) execute, acknowledge, deliver and verify the Bankruptcy Petition and all other ancillary documents, and cause the Bankruptcy Petition to be filed with Bankruptcy Court and make or cause to be made prior to execution thereof any modifications to the Bankruptcy Petition or ancillary documents as any such Authorized Person, in such person's discretion, deems necessary, desirable or appropriate to carry out the intent and accomplish the purposes of these resolutions; (b) execute, acknowledge, deliver, verify and file or cause to be filed all petitions, schedules, statements, lists, motions, applications and other papers or documents necessary or desirable in connection with the foregoing; (c) execute, acknowledge, deliver and verify any and all other documents necessary, desirable or appropriate in connection therewith and to administer the Company's Chapter 11 Proceeding in such form or forms as any such Authorized Person may approve; and the actions of any Authorized Person taken pursuant to this resolution, including the execution, acknowledgment, delivery and verification of the Petitions and all ancillary documents and all other agreements, certificates, instruments, guaranties, notices and other documents, shall be conclusive evidence of such Authorized Person's approval and the necessity, desirability or appropriateness thereof; and (d) to take any action as may be deemed necessary, desirable or appropriate to carry out the intent of this resolution, including the filing of the Petition and any ancillary documents;

**FURTHER RESOLVED**, that the Authorized Persons shall be, and is, authorized, directed and empowered, in the name and on behalf of the Company, to retain: (a) Clifford Chance US LLP; (b) Teneo Capital LLC; (c) Kroll Restructuring Administration, LLC; and (d) such additional professionals, including attorneys, accountants, financial advisors, investment bankers, actuaries, consultants, experts, agents or brokers (together with the foregoing identified firms, the "**Professionals**"), in each case as in any such Authorized Person's judgment may be necessary, desirable or appropriate in connection with the Company's Chapter 11 Proceedings and other related matters, on such terms as such Authorized Person or Authorized Persons shall approve and such Authorized Person's retention thereof to constitute conclusive evidence of such Authorized Person's approval and the necessity, desirability or appropriateness thereof;

**FURTHER RESOLVED**, that the law firm Clifford Chance US LLP and any additional special or local counsel selected by the Authorized Persons, if any, shall be, and hereby are,

authorized, empowered and directed to represent the Company, as debtor and debtor in possession, in connection with the Chapter 11 Proceedings commenced by or against it under the Bankruptcy Code or in any other appropriate forum in which the Company may seek recognition;

**FURTHER RESOLVED**, that, in addition to the specific authorizations heretofore conferred upon the Authorized Persons, each Authorized Person be, and hereby is, authorized with full power of delegation, in the name and on behalf of the Company, to take or cause to be taken any and all such further actions and to execute and deliver or cause to be executed or delivered, and to amend, supplement or otherwise modify from time to time, any and all such agreements, documents certificates, instruments, statements, notices, undertakings, amendments and other writings, and to incur and to pay or direct payment of all such fees and expenses, including filing fees, as in the judgment of the Authorized Person shall be necessary, desirable or appropriate to effectuate the purpose and intent of any and all of the foregoing resolutions adopted herein;

**FURTHER RESOLVED**, that all acts lawfully done or actions lawfully taken by any Authorized Person, or at the direction of an Authorized Person, or by any of the Professionals at the direction of an Authorized Person, in connection with the Restructuring Proceedings or any proceedings related thereto, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company;

**FURTHER RESOLVED**, that any and all lawful actions and transactions by any Authorized Person, or at the direction of an Authorized Person, for and on behalf and in the name of the Company with respect to any transactions contemplated by the foregoing resolutions, including in connection with the Financing Transactions, before the adoption of the foregoing resolutions be, and they hereby are, ratified, authorized, approved, adopted and consented to in all respects for all purposes;

**FURTHER RESOLVED**, that the Managing Directors and any Authorized Person hereby are authorized and directed to certify and/or attest these resolutions, certificate of incumbency and such other documents or instruments that the Managing Directors of the Company may deem necessary or appropriate in connection with the foregoing matters; *provided,* however, that such certification and/or attestation shall not be required for any document, instrument or agreement to be valid and binding on the Company; and

**FURTHER RESOLVED**, that for the purposes of these resolutions, the term "Authorized Person" shall mean and include the Managing Director of the Company.

**AND THE COMPANY HEREBY FURTHERMORE**:

**APPOINTS** Jame Donath, an "**Attorney**", individually, with full power of substitution (*recht van substitutie*), to represent the Company in respect of the following:

to negotiate, amend, adapt, waive, sign, execute, deliver and, where relevant, perform for and on behalf of the Company the (i) Bankruptcy Petition and (ii) all other documents proper or necessary to effect the Chapter 11 Proceedings (the "**Documents**") in such form as any

4

Attorney may approve (such approval to be conclusively evidenced by any Attorney's execution thereof); and

to perform and do all such acts and things as may be ancillary thereto and/or necessary and/or useful and/or desirable in the sole opinion of the Attorney in connection with or for the purpose of the entering into, execution, delivery and/or performance of the Documents and the transactions contemplated thereby, including adopting any shareholder resolutions in writing included in a Document (the "**Power of Attorney**");

**COVENANTS AND AGREES** to indemnify each Attorney or any persons designated hereunder and to hold each of them harmless from and against any liability they or any one of them might incur for any steps lawfully taken in connection with this Power of Attorney;

**DECLARES** that:

this Power of Attorney is irrevocable;

this appointment also applies to situations where any Attorney or any person designated hereunder acts as or also acts as the Company's counterparty (*wederpartij*), or as representative of the Company's counterparty;

the Company will ratify and confirm whatever any Attorney or any person designated hereunder shall lawfully do or cause to be done pursuant to the powers conferred hereunder; and

this Power of Attorney is governed by Dutch law,

**AND HEREBY FINALLY:**

1.   **CONFIRMS** that no board regulations (*bestuursreglementen*) or other regulations (*reglementen*) have been adopted containing provisions that would preclude the Management Board from validly adopting the resolutions contained herein;

2.   **CONFIRMS** that entering into, execution, delivery and performance of the Bankruptcy Petition and the transactions contemplated thereby are (i) in the Company's corporate interest (*vennootschappelijk belang*) and conducive to the realisation of and useful in connection with the Company's corporate objects (*doel*) (ii) at arm's length and (iii) not prejudicial to the interests of the Company's present and future creditors;

3.   **CONFIRMS** that no member of the Management Board has a personal conflict of interest within the meaning of article 2:239 paragraph 6 Dutch Civil Code or a qualitative conflict of interest (*kwalitatief tegenstrijdig belang*) in relation to the resolutions set out herein;

4.   **CONFIRMS** that:

   (a)   no member of the Management Board has been disqualified or suspended by the court to act as a managing director within the meaning of article 106a Dutch

5

Bankruptcy Act (*Faillissementswet*) or within the meaning of article 2:19c or 2:20a Dutch Civil Code;

(b)     no member of the Management Board has been suspended by the Enterprise Chamber (*Ondernemingskamer*) or is subject to the other provisions listed in article 2:356 Dutch Civil Code, and that the Enterprise Chamber has not appointed any other person to act as temporary member of the Management Board and that no member is aware of any of the foregoing being initiated;

5.     **CONFIRMS** that:

(a)     to the best knowledge of the Management Board, at the date hereof no resolution has been adopted concerning a merger (*fusie*) or a division (*splitsing*), in both cases involving the Company as disappearing entity, a conversion (*omzetting*), the voluntary liquidation (*ontbinding*) of the Company or the filing of a request for its bankruptcy (*faillissement*) or for a suspension of payments (*surseance van betaling*);

(b)     at the date hereof, the Company has not filed a declaration with the court regarding the preparation of a restructuring procedure (*akkoordprocedure*) in accordance with article 370 paragraph 3 Dutch Bankruptcy Act (*Faillissementswet*), nor has it filed a request nor is it aware that a request has been made with the court for the appointment of a restructuring expert (*herstructureringsdeskundige*) in accordance with article 371 paragraph 1 Dutch Bankruptcy Act (*Faillissementswet*);

(c)     the Company has not received a notice from the Chamber of Commerce concerning its dissolution under article 2:19a Dutch Civil Code or from the relevant court (*rechtbank*) under article 2:20 or 2:21 or article 2:301Dutch Civil Code;

6.     **CONFIRMS** that no (joint) works council (*(gemeenschappelijke) ondernemingsraad*) or group or central or European works council (*groeps of centrale of Europese ondernemingsraad*) has been installed with jurisdiction (and the authority to render advice) in respect of the Company and/or the transactions contemplated by the Bankruptcy Petition, that no action has been taken for the installation of such works council and no request for such a works council to be installed has been made;

7.     **CONFIRMS** and, to the extent required, **RATIFIES**, also on behalf of the Company, (a) any documents already entered into, executed or delivered and (b) the entry into and performance by the Company of any of the transactions contemplated thereby, in each case prior to or on the date hereof; and

8.     **DECLARES** that third parties may rely on these resolutions and the confirmations herein.

These written resolutions, ratification and confirmations shall have immediate effect.

This document may be signed in counterparts.

Jame Donath

Signed by:

JAME DONATH

9FE31C6C599E4E5...

Title: Managing Director of **LIBERTY I B.V.**

Date: March 23, 2026

1

BK Corporate International B.V.

Represented by Antoinette Albus (Director) & Vivian Kasantaroeno (Proxyholder)



Signed by:

*Antoinette Albus*

538A89AF7EB14A4...

DocuSigned by:

*Vivian Kasantaroeno*

F6E7FDD1ECF24EE...

Title: Director of **LIBERTY I B.V.**

Date: March 23, 2026

1

**SHAREHOLDERS RESOLUTION**

**LIBERTY I B.V.**

**DATED 24 MARCH 2026**

**1      Introduction**

This is a resolution by the sole shareholder (the **Shareholder**) constituting the general meeting (the **General Meeting**) of Liberty I B.V., having its official seat (*statutaire zetel*) in Amsterdam, the Netherlands, registered with the Dutch trade register under number 94465231 (the **Company**).

**2      Background**

2.1     Reference is made to the attached draft resolution of the management board of the Company (the "**Board Resolution**") regarding the filing of the Chapter 11 Bankruptcy Petition as set out therein (the "**Bankruptcy Petition**").

2.2     The General Meeting has reviewed and noted the contents of the Board Resolution and of the Bankruptcy Petition, and carefully considered the same taking into account all relevant facts and circumstances in connection therewith.

**3      Resolution**

3.1     The General Meeting approves and resolves that the Company (may) file(s) for bankruptcy proceedings (in accordance with section 2:246 of the Dutch Civil Code), suspension of payments, WHOA proceedings and/or any analogous composition proceeding or insolvency proceeding and/or step in any jurisdiction (the **Proceedings**) that the management board deems to be in the best interest of the Company and its stakeholders and – to the extent required – instructs and/or provides a power of attorney to each director of the management board of the Company to file the Company for the relevant Proceedings.

**4      Confirmations**

4.1     The General Meeting confirms that the articles of association of the Company do not preclude the adoption of shareholders' resolutions without holding a meeting.

4.2     The General Meeting confirms that no person other than the Shareholder can exercise voting rights in respect of shares in the capital of the Company.

4.3     The General Meeting confirms that no person other than the Shareholder has the right to attend and address the General Meeting.

4.4     The Shareholder confirms to agree with this manner of decision-making.

4.5     The General Meeting confirms that the members of the Shareholder's board (the **Board**) have been given the opportunity to render advice in respect of this resolution.

4.6     The General Meeting confirms that the Company has not established, has not been requested to establish nor is in the process of establishing any works council (*ondernemingsraad*) and that there is no works council which has jurisdiction over this resolution.

4.7 The General Meeting acknowledges that this resolution or a copy thereof will be sent to the Board in order to enable the Board to keep record thereof.

4.8 Each signatory confirms (if applicable) to be individually, or jointly with one or more of the other signatories of this resolution, authorised to represent any legal entity on whose behalf such signatory signs this resolution.

*Signature page follows*

**Signature page**

This written resolution is signed by the Shareholder and shall have immediate effect.

Signed for and on behalf of **Trico Belgium S.A.**, by,

Name:      S. Kumar
Title:      Director

**UNANIMOUS WRITTEN RESOLUTIONS OF THE MANAGEMENT BOARD OF LIBERTY I B.V.**

**THE UNDERSIGNED**:

constituting the entire management board (*het bestuur*), (the "**Management Board**") of **LIBERTY I B.V.**, a private company with limited liability (*besloten vennootschap met beperkte aansprakelijkheid*) incorporated under the laws of The Netherlands and registered with the Dutch Commercial Register (*Handelsregister*) under number 866787732 (the "**Company**");

**WHEREAS**, the Company, together with Liberty II B.V. ("**Liberty II**"), Ultinon Motion Holding B.V, ("**Ultinon Holding**") and each subsidiary thereof (the "**Ultinon Business**"), was acquired by global automotive parts supplier First Brands Group Holdings, LLC ("**FBG**") from Lumileds Holding B.V., a LED lighting manufacturer, in August 2024.

**WHEREAS**, following the acquisition, FBG and certain of its subsidiaries and affiliates filed voluntary petitions for relief under Chapter 11 of the Title 11 of the United States Code (11 U.S.C. §§ 101 *et seq.*, the "**Bankruptcy Code**") in the Bankruptcy Court (as defined herein) (the "**FBG Cases**"). The FBG Cases are jointly administered under Case No. 25-90399 (CML) in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "**Bankruptcy Court**").

**WHEREAS**, Jame Donath was first appointed as the Independent Director of the Company and Liberty II on November 21, 2025, and subsequently appointed a director of Ultinon Holding on February 3, 2026.

**WHEREAS**, since Mr. Donath's appointment as independent director, he has evaluated the assets and liabilities of the Company with the objective of maximizing recoveries for the Company's creditors and other stakeholders.

**WHEREAS**, based on Mr. Donath's review of the facts and circumstances to date, he believes that actions predating his involvement—and, in many instances, predating the commencement of the FBG Cases in September 2025—destroyed or otherwise dissipated significant value from the Ultinon Business. In addition, despite efforts to monetize the Ultinon Business through a sale and related processes, those efforts have, for various reasons, been unsuccessful.

**WHEREAS**, the Management Board has reason to believe that the Company and/or Liberty II and Ultinon Holding may have viable intercompany and third party tort and contract claims, as well as claims under Chapter 5 of the Bankruptcy Code**.**

**WHEREAS**, the Management Board desires to preserve all existing claims and causes of action, including those arising under chapter 5 of the Bankruptcy Code, and has determined that the best way to preserve such claims is to transfer all such claims and causes of action into a litigation trust for the benefit of the Debtors' creditors pursuant to a chapter 11 plan of liquidation.

**WHEREAS**, in recent weeks several of the contract counterparties and other creditors of the Company, Liberty II and Ultinon Holdings have made payment demands that Company, Liberty II and Ultinon Holdings (either individually or collectively) did not have the resources to pay and implement its desired goal. As a result, the Company determined to commence a chapter 11 bankruptcy proceeding to implement the automatic stay and allow the Company breathing room to structure a plan that will implement a mechanism to preserve and pursue litigation claims for the benefit of all creditors.

**WHEREAS**, the Management Board considered alternatives, including proceedings in the Netherlands including (i) a bankruptcy (*faillissement*), (ii) suspension of payments (*surseance van betaling*) or (iii) a WHOA restructuring procedure (*akkoordprocedure*), and has determined that a chapter 11 filing will provide a greater benefit to the Company's creditors because of the following: (i) the potential viability of claims under Chapter 5 of the Bankruptcy Code; (ii) the Bankruptcy Court has intimate familiarity with the complicated history and nature of the claims that may be asserted, as well as the potential defendants (may of whom are U.S. citizens) making it an efficient and appropriate forum for the adjudication of any claims and causes of action; and (iii) several of the Company's creditors are subject to the jurisdiction of the U.S. Courts and the automatic stay.

**WHEREAS**, the Management Board has reviewed and considered (i) the filing of a voluntary petition for relief (the "**Bankruptcy Petition**") for the Company under the provisions of the Bankruptcy Code in the United States Bankruptcy Court fort he Southern District of Texas pursuant to the articles of association (the "**Governing Documents**"), as applicable, of the Company and the applicable laws of the jurisdiction in which the Company is organized (the "**Chapter 11 Proceeding**") and (ii) the retention of professionals by the Company;

**WHEREAS**, pursuant to the Governing Documents of the Company, the Management Board is authorised to adopt resolutions in the manner as set forth herein without convening a meeting;

**WHEREAS**, the Managing Directors have (a) regularly and carefully reviewed the materials and other information presented by the Company and its advisors regarding the Company's business conditions, the Company's operations, its current and projected financial position and other relevant information; (b) thoroughly evaluated the Company's strategic alternatives; (c) conferred extensively with the Company's advisors regarding these matters; and (d) determined that the filing of a Bankruptcy Petition by the Company is in the best interests of the Company, its subsidiaries and affiliates and its joint creditors.

**NOW, THEREFORE, BE IT:**

**RESOLVED,** that in the judgment of the Management Board it is desirable and in the best interests of the Company and its joint creditors  that the Company seek relief under chapter 11 of the Bankruptcy Code or in any other appropriate forum as circumstances require;

**FURTHER RESOLVED,** that the Company shall be, and hereby is, authorized to file the Bankruptcy Petition with the Bankruptcy Court and perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effect the foregoing, the performance of such acts to constitute conclusive evidence of the reasonableness, advisability, expedience, convenience, appropriateness or necessity thereof;

**FURTHER RESOLVED**, that each Authorized Person shall be, and each of them hereby is, authorized, directed and empowered, in the name and on behalf of the Company, to: (a) execute, acknowledge, deliver and verify the Bankruptcy Petition and all other ancillary documents, and cause the Bankruptcy Petition to be filed with Bankruptcy Court and make or cause to be made prior to execution thereof any modifications to the Bankruptcy Petition or ancillary documents as any such Authorized Person, in such person's discretion, deems necessary, desirable or appropriate to carry out the intent and accomplish the purposes of these resolutions; (b) execute, acknowledge, deliver, verify and file or cause to be filed all petitions, schedules, statements, lists, motions, applications and other papers or documents necessary or desirable in connection with the foregoing; (c) execute, acknowledge, deliver and verify any and all other documents necessary, desirable or appropriate in connection therewith and to administer the Company's Chapter 11 Proceeding in such form or forms as any such Authorized Person may approve; and the actions of any Authorized Person taken pursuant to this resolution, including the execution, acknowledgment, delivery and verification of the Petitions and all ancillary documents and all other agreements, certificates, instruments, guaranties, notices and other documents, shall be conclusive evidence of such Authorized Person's approval and the necessity, desirability or appropriateness thereof; and (d) to take any action as may be deemed necessary, desirable or appropriate to carry out the intent of this resolution, including the filing of the Petition and any ancillary documents;

**FURTHER RESOLVED**, that the Authorized Persons shall be, and is, authorized, directed and empowered, in the name and on behalf of the Company, to retain: (a) Clifford Chance US LLP; (b) Teneo Capital LLC; (c) Kroll Restructuring Administration, LLC; and (d) such additional professionals, including attorneys, accountants, financial advisors, investment bankers, actuaries, consultants, experts, agents or brokers (together with the foregoing identified firms, the "**Professionals**"), in each case as in any such Authorized Person's judgment may be necessary, desirable or appropriate in connection with the Company's Chapter 11 Proceedings and other related matters, on such terms as such Authorized Person or Authorized Persons shall approve and such Authorized Person's retention thereof to constitute conclusive evidence of such Authorized Person's approval and the necessity, desirability or appropriateness thereof;

**FURTHER RESOLVED**, that the law firm Clifford Chance US LLP and any additional special or local counsel selected by the Authorized Persons, if any, shall be, and hereby are,

authorized, empowered and directed to represent the Company, as debtor and debtor in possession, in connection with the Chapter 11 Proceedings commenced by or against it under the Bankruptcy Code or in any other appropriate forum in which the Company may seek recognition;

**FURTHER RESOLVED**, that, in addition to the specific authorizations heretofore conferred upon the Authorized Persons, each Authorized Person be, and hereby is, authorized with full power of delegation, in the name and on behalf of the Company, to take or cause to be taken any and all such further actions and to execute and deliver or cause to be executed or delivered, and to amend, supplement or otherwise modify from time to time, any and all such agreements, documents certificates, instruments, statements, notices, undertakings, amendments and other writings, and to incur and to pay or direct payment of all such fees and expenses, including filing fees, as in the judgment of the Authorized Person shall be necessary, desirable or appropriate to effectuate the purpose and intent of any and all of the foregoing resolutions adopted herein;

**FURTHER RESOLVED**, that all acts lawfully done or actions lawfully taken by any Authorized Person, or at the direction of an Authorized Person, or by any of the Professionals at the direction of an Authorized Person, in connection with the Restructuring Proceedings or any proceedings related thereto, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company;

**FURTHER RESOLVED**, that any and all lawful actions and transactions by any Authorized Person, or at the direction of an Authorized Person, for and on behalf and in the name of the Company with respect to any transactions contemplated by the foregoing resolutions, including in connection with the Financing Transactions, before the adoption of the foregoing resolutions be, and they hereby are, ratified, authorized, approved, adopted and consented to in all respects for all purposes;

**FURTHER RESOLVED**, that the Managing Directors and any Authorized Person hereby are authorized and directed to certify and/or attest these resolutions, certificate of incumbency and such other documents or instruments that the Managing Directors of the Company may deem necessary or appropriate in connection with the foregoing matters; *provided,* however, that such certification and/or attestation shall not be required for any document, instrument or agreement to be valid and binding on the Company; and

**FURTHER RESOLVED**, that for the purposes of these resolutions, the term "Authorized Person" shall mean and include the Managing Director of the Company.

**AND THE COMPANY HEREBY FURTHERMORE**:

**APPOINTS** Jame Donath, an "**Attorney**", individually, with full power of substitution (*recht van substitutie*), to represent the Company in respect of the following:

to negotiate, amend, adapt, waive, sign, execute, deliver and, where relevant, perform for and on behalf of the Company the (i) Bankruptcy Petition and (ii) all other documents proper or necessary to effect the Chapter 11 Proceedings (the "**Documents**") in such form as any

4

Attorney may approve (such approval to be conclusively evidenced by any Attorney's execution thereof); and

to perform and do all such acts and things as may be ancillary thereto and/or necessary and/or useful and/or desirable in the sole opinion of the Attorney in connection with or for the purpose of the entering into, execution, delivery and/or performance of the Documents and the transactions contemplated thereby, including adopting any shareholder resolutions in writing included in a Document (the "**Power of Attorney**");

**COVENANTS AND AGREES** to indemnify each Attorney or any persons designated hereunder and to hold each of them harmless from and against any liability they or any one of them might incur for any steps lawfully taken in connection with this Power of Attorney;

**DECLARES** that:

this Power of Attorney is irrevocable;

this appointment also applies to situations where any Attorney or any person designated hereunder acts as or also acts as the Company's counterparty (*wederpartij*), or as representative of the Company's counterparty;

the Company will ratify and confirm whatever any Attorney or any person designated hereunder shall lawfully do or cause to be done pursuant to the powers conferred hereunder; and

this Power of Attorney is governed by Dutch law,

**AND HEREBY FINALLY:**

1. **CONFIRMS** that no board regulations (*bestuursreglementen*) or other regulations (*reglementen*) have been adopted containing provisions that would preclude the Management Board from validly adopting the resolutions contained herein;

2. **CONFIRMS** that entering into, execution, delivery and performance of the Bankruptcy Petition and the transactions contemplated thereby are (i) in the Company's corporate interest (*vennootschappelijk belang*) and conducive to the realisation of and useful in connection with the Company's corporate objects (*doel*) (ii) at arm's length and (iii) not prejudicial to the interests of the Company's present and future creditors;

3. **CONFIRMS** that no member of the Management Board has a personal conflict of interest within the meaning of article 2:239 paragraph 6 Dutch Civil Code or a qualitative conflict of interest (*kwalitatief tegenstrijdig belang*) in relation to the resolutions set out herein;

4. **CONFIRMS** that:

   (a)   no member of the Management Board has been disqualified or suspended by the court to act as a managing director within the meaning of article 106a Dutch

5

Bankruptcy Act (*Faillissementswet*) or within the meaning of article 2:19c or 2:20a Dutch Civil Code;

(b) no member of the Management Board has been suspended by the Enterprise Chamber (*Ondernemingskamer*) or is subject to the other provisions listed in article 2:356 Dutch Civil Code, and that the Enterprise Chamber has not appointed any other person to act as temporary member of the Management Board and that no member is aware of any of the foregoing being initiated;

5. **CONFIRMS** that:

(a) to the best knowledge of the Management Board, at the date hereof no resolution has been adopted concerning a merger (*fusie*) or a division (*splitsing*), in both cases involving the Company as disappearing entity, a conversion (*omzetting*), the voluntary liquidation (*ontbinding*) of the Company or the filing of a request for its bankruptcy (*faillissement*) or for a suspension of payments (*surseance van betaling*);

(b) at the date hereof, the Company has not filed a declaration with the court regarding the preparation of a restructuring procedure (*akkoordprocedure*) in accordance with article 370 paragraph 3 Dutch Bankruptcy Act (*Faillissementswet*), nor has it filed a request nor is it aware that a request has been made with the court for the appointment of a restructuring expert (*herstructureringsdeskundige*) in accordance with article 371 paragraph 1 Dutch Bankruptcy Act (*Faillissementswet*);

(c) the Company has not received a notice from the Chamber of Commerce concerning its dissolution under article 2:19a Dutch Civil Code or from the relevant court (*rechtbank*) under article 2:20 or 2:21 or article 2:301Dutch Civil Code;

6. **CONFIRMS** that no (joint) works council (*(gemeenschappelijke) ondernemingsraad*) or group or central or European works council (*groeps of centrale of Europese ondernemingsraad*) has been installed with jurisdiction (and the authority to render advice) in respect of the Company and/or the transactions contemplated by the Bankruptcy Petition, that no action has been taken for the installation of such works council and no request for such a works council to be installed has been made;

7. **CONFIRMS** and, to the extent required, **RATIFIES**, also on behalf of the Company, (a) any documents already entered into, executed or delivered and (b) the entry into and performance by the Company of any of the transactions contemplated thereby, in each case prior to or on the date hereof; and

6

8.    **DECLARES** that third parties may rely on these resolutions and the confirmations herein.

These written resolutions, ratification and confirmations shall have immediate effect.

This document may be signed in counterparts.

Jame Donath


_____

Title: Managing Director of **LIBERTY I B.V.**

Date:

8

BK Corporate International B.V.

Represented by Antoinette Albus (Director) & Vivian Kasantaroeno (Proxyholder)

_____

Title: Director of **LIBERTY I B.V.**

Date:

9